IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50140
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KORNELIA CHRISTINA LOCKWOOD,
also known as Kornelia Christina Haffner,
also known as Kornelia Christina Stacer,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-1161-ALL-H
_____

October  31, 2001

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Kornelia Christina Lockwood appeals the 41-month term of imprisonment

imposed following her conviction of being found in the United States following

removal, in violation of 8 U.S.C. § 1326.  She contends that the district court erred

by increasing her offense level 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on her prior felony conviction of driving while intoxicated ("DWI").  She notes that under this court's decision in United States v. Chapa-Garza[1] that a Texas felony DWI conviction is not a "crime of violence" as defined in 18 U.S.C. § 16(b) and thus is not an aggravated felony for the purpose of a 16-level adjustment under U.S.S.G. § 2L1.2(b)(1)(A).  The Government has filed an unopposed motion to remand for resentencing acknowledging that the district court, which did not have the benefit of Chapa-Garza when it sentenced Lockwood, erred in applying the 16-level adjustment.  The motion is GRANTED.

Lockwood also contends that the district court erred by enhancing her sentence based on her prior aggravated felony conviction because the fact of that conviction was not alleged in her indictment.  Lockwood's contention is foreclosed by Almendarez-Torres v. United States[2] and is moot in light of the resolution of her previous argument.

The Government's motion is GRANTED, the sentence is VACATED, and this case is REMANDED for resentencing in light of Chapa-Garza.

---

[1]243 F.3d 921 (5th Cir. 2001), rehearing and rehearing en banc denied, 262 F.3d 479 (5th Cir. 2001).

[2]523 U.S. 224 (1998).